**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
(CHARLESTON DIVISION)**

| | | |
|---|---|---|
| David Oppenheimer, | ) | CASE NO: 2:21-mc-517-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael C. Scarafile, Patricia R. Scarafile, | ) | **Defendants' Reply in Support of** |
| Sheila Glover Romanosky, and | ) | **Defendants' Ordered Status Report and** |
| O'Shaughnessy Real Estate, Inc., d/b/a | ) | **Renewed Motion to Compel Non-Party** |
| Carolina One Real Estate, | ) | **Performance Impressions, LLC** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Pursuant to Fed. R. Civ. P. 26, 30, 37, and 45, Order of this Court [ECF 10], and Loc. Civ. R. 7.07 (DSC), Defendants Michael C. Scarafile, Patricia R. Scarafile, Sheila Glover Romanosky, and O'Shaughnessy Real Estate, Inc., d/b/a Carolina One Real Estate ("CORE") (collectively, "Carolina One"), by and through undersigned counsel, respectfully submit this Reply in Support of Defendants' Ordered Status Report and Renewed Motion to Compel Non-Party Performance Impressions, LLC ("PI") [ECF 14].

**INTRODUCTION**

In its *Response to Defendants' Status Report and Renewed Motion to Compel Non-Party Performance Impressions, LLC*, PI takes exception to Carolina One's argument on the basis that it introduces "novel" arguments that have not previously been proffered. Carolina One notes that, as a non-party, PI's only concern should be the relevance and proportionality of the demanded information to a claim or defense, and any privilege it may wish to invoke. The ultimate merit of any claim or defense are decidedly beside the point. Carolina One has demonstrated the

1

relevance and proportionality of its requests. It has not changed its mind regarding why the tax information is necessary, but rather augmented the reasons for the information's relevance. Discovery is meant to be a vehicle through which to develop legal theories and prepare the case for trial. Discovery is not meant to be a vehicle through which the opposing party (or his non-party company) gets an advanced and detailed "sneak peek" at what will be presented in future dispositive motions or at trial. Carolina One clearly pleaded in its Answer that Copyright Misuse was an affirmative defense it would pursue, indicating that "Plaintiff uses the applicable copyrights anti-competitively *or otherwise in violation of public policy*." See Oppenheimer v. Scarafile et al., No. 2:19-cv-3590-RMG Dkt. 20 at ¶31 (Nov. 25, 2020, D.S.C.).

Carolina One also generally notes that the Court should decide the instant motion on the relevance, reasonableness, and proportionality of the discovery demanded, rather than prematurely deciding the merits of any substantive affirmative defense. Whether Carolina One's focus on the public policy aspect of the Copyright Misuse Defense is novel or will ultimately succeed is beside the point. Carolina One provided the elements of the Copyright Misuse defense in both this instance and in the main case not so the Court could be swayed by the merits of the argument, but so that it could see the relevance, reasonableness, and proportionality of the request. Furthermore, the subpoena is narrowly tailored, seeking tax records for a two year period corresponding with the timing of the alleged infringing publications and the period in which the Plaintiff (or PI) would have suffered damages, if any. See Harris v. Vanderburg, 2021 WL 91612, at *5 (E.D.N.C. Jan. 11, 2021).

PI's arguments against the merits of the Copyright Misuse defense should not be persuasive in deciding whether Carolina One should have discovery as requested. Discovery scope is clearly laid out in Fed. R. Civ. P. 26. Specifically, discovery may be sought and

obtained so long as it is non-privileged, relevant, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). PI's arguments against the merits of the Copyright Misuse defense are not only premature, but they do not address any of the reasons for which discovery can be withheld.

## ARGUMENT

### I. David Oppenheimer and Performance Impressions, LLC are Legally Separate Entities

The Plaintiff's Qualified Privilege Should Not Extend to PI by Default

PI should not resist disclosure because of the same emotional need for privacy, or through unfounded fear of potential embarrassment, as its owner. Arguably, the degree to which an institution should enjoy a qualified privilege should be less substantial than when an individual looks to the same privilege. Carolina One is not a competitor of PI, and can gain no competitive advantage from disclosure of the documents. Furthermore, Carolina One is bound by the Confidentiality Order entered by this Court not to disclose such documents if marked confidential. *See* Oppenheimer, No. 2:19-cv-3590-RMG Dkt. 30 (Jan. 15, 2021, D.S.C.). PI therefore suffers no legitimate exposure that could result in a compelling reason for why its privacy interests supersedes Carolina One's need in this instance. Carolina One has previously noted the Plaintiff and his counsel argue on behalf of PI as if the corporation is the person and the two are interchangeable and inseparable. *See* ECF 1 at p. 3. They are not, in fact, "one and the same." *See* Oppenheimer, 2:19-cv-3590-RMG Dkt. 42-1 at p. 3 (July 27, 2021, D.S.C.).

Even if recognition of a certain level of privacy is not the principal purpose behind the qualified privilege, "the information sought from the returns is 'not readily obtainable from other sources." Oppenheimer, No. 2:19-cv-3590-RMG Dkt. 55 at p. 13-14 (Aug. 26, 2021, D.S.C.) (*citing* Eastern Auto Distributors, Inc. v. Peugeot Motors of Am., Inc., 96 F.R.D. 147, 148 (E.D. Va. 1982)). In addition to identifying the two-pronged test for overcoming "qualified privilege,"

3

the Eastern Auto decision recognizes "[w]here the income of a party to the litigation is in issue, income tax returns provide what, in this Court's opinion, may be the best source of complete and competent information as to that party's income. In such circumstances, the courts have not been hesitant to find that the information sought bears some relevance to the litigation." Eastern Auto, 96 F.R.D. at 149. *See also* Blankenship v. Bos. Globe Media Partners, LLC, No. 2:19-CV-00589, 2020 WL 6115153 (S.D.W. Va. Sept. 1, 2020), vacated in part, No. 2:19-CV-00589, 2021 WL 2328005 (S.D.W. Va. June 8, 2021) (wherein an order compelling production of tax records was only modified insofar as the Plaintiff had demonstratively provided the same information sought from the tax records in equivalent alternative documents). Furthermore, Eastern Auto concludes that general federal policy disfavors disclosure by collecting cases which ultimately look to 26 U.S.C. §6103(b) and 26 U.S.C. §7213. These statutes do not provide absolute restriction from disclosure but rather restricts warrantless disclosure without authorization. *See, e.g.,* Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) (wherein a general public policy is found); *but see* Heathman v. U.S. Dist. Ct. for Cent. Dist. of California, 503 F.2d 1032, 1034–35 (9th Cir. 1974) (stating that "taxpayer privilege" is a matter of federal law and finds that 26 U.S.C. §6103(b) "only restricts dissemination by the government and does not otherwise make copies of tax returns privileged."). *See also*, Crain v. Crain, 2020 WL 8182189, at *1 (W.D. Ark. Nov. 5, 2020) (noting that applying statutory privilege reserved for instances involving "noncriminal tax matters" or "noncriminal tax proceeding[s] in Federal Court brought by or against the United States" should not be applicable outside of that limited scope.).

Ownership of an LLC and Limitation of Liability Is Not a Shield from Disclosure

The owner of a limited liability company enjoys limited liability not because it shields him from invasions of privacy, but because it shields him from personal ruin as a result of the

corporation's missteps. While there is limited civil caselaw that speaks to the boundary between the privacy concerns of an owner of a closely held corporation and a defendant's right to access that corporation's records when the corporation's owner has instigated litigation, there are some informative examples. For instance, the owner of an LLC cannot resist record production based solely on the Fifth Amendment rights of its owner. *See, e.g.*, Braswell v. United States, 487 U.S. 99, 108–09 (1988) ("It is well settled that no privilege can be claimed by the custodian of corporate records, regardless of how small the corporation may be."). In other instances where civil disputes involving one or more closely held corporations may resolve in equity (such as a divorce), proper valuation of the corporation and the owner's interests therein has been recognized as decidedly vital to proper resolution of the dispute, and reliance not only on revenue records but on Internal Revenue Service procedures and rules has been found appropriate. *See, e.g.,* Kaye v. Kaye, 102 A.D.2d 682, 686–88 (N.Y.A.D. 2 Dept. 1984). Ultimately, the Court should not grant PI a right to improperly shield its owner, nor grant its owner additional privacy protections simply because he owns a limited liability corporation.

**II.     The Court's Order in the Main Case Does Not Moot the Instant Subpoena's Demands**

Carolina One has fully briefed why the demands of the subpoena are not moot, and those arguments are not herein repeated. *See* ECF 14. The demand from the non-party remains valid and pending, as PI functions as a distinct entity that does not share the same privileges for the same reasons as its owner. Ultimately, since PI is a North Carolina limited liability corporation, a subpoena served to PI in North Carolina in accordance with Fed. R. Civ. P. 45 was an appropriate vehicle for Carolina One to seek PI's tax records.

Notably, the Court did **not** unequivocally deny Defendants' *Renewed Motion* in the Main case. The Court noted that, in applying the second prong of the "qualified privilege" test, that its

5

expectation was that the information Carolina One sought could be acquired through other means. <u>Oppenheimer</u>, 2:19-cv-3590-RMG Dkt. 55 at pp. 13-48 (Aug. 26, 2021, D.S.C.). While some information has been revealed through alternative means, that information was so restricted, and left sufficient room for speculation or ambiguity, so as to be constructively unavailable. Where "there are significant gaps in the financial and revenue data produced by plaintiff[]," the information "is not otherwise available." <u>Stiles v. Walmart, Inc.</u>, 2020 WL 264420, at *7 (E.D. Cal. Jan. 17, 2020). Both Plaintiff and PI fail in their claim of qualified privilege as they failed to satisfy the second prong of the <u>Eastern Auto</u> test.

### III. The Court Should Decide the Instant Motion on the Requirements of FRCP 26, Rather Than Prematurely Deciding the Merits of Any Substantive Defenses

The extent of Carolina One's focus on the public policy aspect of the Copyright Misuse defense, and whether such focus is novel, is beside the point. The defense is plainly judicially recognized as valid. Carolina One provided the elements of the Copyright Misuse defense and some analysis in both this instance and in the main case not so the Court could be swayed by the merits of the argument, but so that it could see the relevance and reasonableness of the request.

PI's arguments against the merits of the Copyright Misuse Defense should not be persuasive in deciding whether Carolina One should have discovery as requested. Discovery scope is clearly laid out in Fed. R. Civ. P. 26. Specifically, discovery may be sought and obtained so long as it is non-privileged, relevant, and proportional to the needs of the case. PI's arguments against the merits of the Copyright Misuse defense therefore are not only irrelevant, but they do not address any of the reasons for which discovery can be withheld.

### IV. This Court Has Not Ruled as to Carolina One's Motion to Seal

Carolina One's Motion is not fully briefed, to the extent that the Court has not ruled on Carolina One's *Motion to Seal* [ECF 13]. Therefore, although the Plaintiff has received a copy of

the exhibits and has provided a response without specific objection, the status of the exhibits in the record remains unclear. For this reason, Carolina One's *Motion to Seal* is not moot. Carolina One also notes that as it may look to these exhibits in support of further dispositive argument, judicial efficiency will be served by considering and granting the Motion at this time.

## Conclusion

For the reasons set forth above and elsewhere, Carolina One prays this Court will grant Carolina One's *Renewed Motion to Compel* and Order PI to provide full and complete responses to the discovery requests as enumerated in its *Motion to Compel* [ECF 1] and *Renewed Motion to Compel* [ECF 14]. Carolina One further prays the Court will Order depositions reopened, and compel PI to be deposed by written questions, and grant leave for Carolina One to reopen oral depositions if necessary. Carolina One further prays this Court deny PI's request to shift costs. Carolina One finally prays this Court Order PI to pay Carolina One's reasonable attorneys' fees and costs incurred due to the filing of this and all prior filed related Motions, and any further relief as the Court deems appropriate.

Dated: October 28, 2021

s/ William La Salle III

William La Salle III, Esq.
Stipkala & Klosowski d/b/a Thrive IP®
100 Spinnaker Run Ln
Smithfield, VA 23430
Tel: 757.755.2257
Fax: 757.542.3811
WLaSalle@Thrive-IP.com
*Pro Hac Vice*

s/ Jeremy M. Stipkala
Jeremy M. Stipkala, Esq.
Fed. ID No. 10479
Stipkala & Klosowski d/b/a Thrive IP®
5401 Netherby Ln. Suite 1201

North Charleston, SC 29420
Tel: 843.580.9057
Fax: 866.747.2595
Jeremy.Stipkala@Thrive-IP.com

*Attorneys for Defendants*